The People of the State of New York, Respondent, v Celeste Ortiz, Appellant. [910 NYS2d 647]—

Judgment of resentence, Supreme Court, New York County (Marcy L. Kahn, J.), rendered December 18, 2009, resentencing defendant to a term of one year, with one year of postrelease supervision, unanimously affirmed.

The court granted defendant's CPL 440.46 application to reduce her sentence for her conviction of third-degree criminal sale of a controlled substance, and imposed the minimum sentence permitted by law. Defendant requests this Court to

modify her determinate sentence in the interest of justice to a one-year definite sentence of imprisonment, which would not require postrelease supervision. Defendant maintains that CPL 440.46 should not be interpreted to permit only a determinate sentence upon resentencing, but should be construed as also permitting the alternative dispositions authorized under Penal Law §§ 60.04 and 70.70 for an initial sentence for a class B drug felony, including a definite sentence of one year. However, by its express terms, CPL 440.46 only permits a defendant to apply for resentencing to a determinate term.

Since defendant received the minimum legal resentence, we have no authority to reduce it further in the interest of justice (*see* CPL 470.20 [6]). In any event, regardless of how the statute should be interpreted, we perceive no basis for reducing defendant's sentence. Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.